IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL DEREK COMPTON *individually, and on behalf of other similarly situated persons*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NORTH CENTRAL VIRGINIA RESTAURANTS, INC. d/b/a Papa John's Pizza, | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No. 5:20-cv-00073

**MEMORANDUM OPINION**

By:   Hon. Thomas T. Cullen
       United States District Judge

This matter is before the court on Plaintiff James Derek Compton's and Defendant North Central Virginia Restaurants, Inc.'s Joint Motion for Settlement Approval. (ECF Nos. 116, 123.) More specifically, the parties seek approval of a collective action settlement and preliminary approval of a class action settlement. The court held a hearing on the motion on September 1, 2022, and, for the reasons that follow, the court will grant the motion.

1. **Background**

This is a wage-and-hour lawsuit brought on behalf of a class of pizza-delivery drivers who worked at Papa John's Pizza stores owned and operated by Defendant. (*See* Compl. ¶ 1 [ECF No. 1].) Plaintiff filed his complaint on October 19, 2020, which he amended on January 25, 2021. (ECF No. 25.) The amended complaint alleged that Defendant failed to pay the federal minimum wage (Count I) and overtime wages (Count II) to its delivery drivers in violation of the Fair Labor Standards Act ("FLSA"). (Am. Compl. ¶¶ 56–82 [ECF No. 25].) It

also included a third count, under the Virginia Minimum Wage Law ("VMWL"), for failure to pay the state minimum wage. (*Id.* ¶¶ 83–92.) At bottom, Plaintiff alleges that Defendant paid delivery drivers at or close to minimum wage while, at the same time, requiring these delivery drivers to bear the costs related to their employment, including vehicle maintenance, insurance, and wear and tear, without reimbursing the delivery drivers for these expenses. (Am. Compl. ¶¶ 9–40.) These reimbursement practices, they allege, violated the FLSA and the VMWL.

On both FLSA Counts, Plaintiff moved to conditionally certify an FLSA collective of "all current and former delivery drivers of [D]efendant North Central Virginia Restaurants, Inc. d/b/a 'Papa John's' employed during the last three (3) years." (ECF Nos. 42, 44.) The court granted those motions, which Defendant did not oppose. (ECF No. 51.) The court also granted Plaintiff's unopposed motion for Rule 23 class certification of a class "comprised of all current and former delivery drivers employed in the Commonwealth of Virginia at any time from January 25, 2018 through the present." (ECF Nos. 95, 100, 105.)

The parties litigated this case for 14 months. On December 23, 2021, the parties filed a Joint Notice of Settlement, and, on August 22, 2022, the parties moved for approval of the settlement now before the court. (*See* ECF Nos. 108, 116, 123.) The Settlement Agreement defines the collective for purposes of the FLSA claims as

> Plaintiff and all delivery drivers employed by the Defendant who received a Notice of Collective Action Lawsuit and submitted a Consent to Join Form that was filed with the Court between July 1, 2021 and October 1, 2021.

(*See* Settlement Agreement at 3 [ECF No. 123-1].) And it defines the Rule 23 class for purposes of the VMWL claim as

> all delivery drivers employed by the Defendant in the Virginia Stores, who received a Notice of Class Certification and Settlement following the Court's preliminary approval of this Agreement, who are provided a period of 60 days to consider the Notice, and who do not affirmatively opt-out of the Lawsuit.

(*Id.*)

### 2. The Settlement Agreement

The Settlement Agreement includes a total settlement amount of $705,000. (Settlement Agreement at 6.) The parties will use this amount to pay for settlement administration costs, attorneys' fees (in the amount of no more than 1/3 of the total settlement amount), Plaintiff's service award ($5,000), and other enumerated expenses. (*Id.*) Class counsel will divide the remainder among each member of the FLSA Collective Action and/or the VMWL Class Action "according to an equitable formula based on respective damages as calculated for work performed during the Lawsuit," subject to a minimum payment of $25. (*Id.* at 7.) Funds associated with uncashed checks will be donated to the American Cancer Society. (*Id.*)

In exchange for that payment, the Settlement Agreement also includes the following release:

> [A]ny and all individual, class, or collective wage-and-hour or overtime claims that were or could have been brought based on the specific factual allegations contained in the Lawsuit, that occurred or are alleged to have occurred at any time through the Approval Date, including without limitation claims for off-the-clock work, unpaid wages, unpaid overtime compensation and associated penalties, liquidated damages, interest, attorneys' fees or litigation costs or expenses, and further including all wage and hour claims under the Fair Labor Standards Act, the Virginia Minimum Wage Act, and the common law.

(*Id.* at 5–6.) Defendant enters the Settlement Agreement "without admitting or conceding liability, wrongdoing, or damages" "for any of the claims raised in the Lawsuit." (*See id.* at 3.)

### 3. Final Certification of the FLSA Collective is Appropriate, and the Parties' Proposed Joint FLSA Settlement is Approved.

The certification of an FLSA collective action under 29 U.S.C. § 216(b) takes place in two steps. *See Alloways v. Cruise Web, Inc.*, No. 17-2811, 2019 WL 1902813, at *5 (D. Md. Apr. 29, 2019). The first step requires "a threshold determination . . . regarding whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate." *Id.* (cleaned up). The court made this threshold determination when it conditionally certified Plaintiff's proposed FLSA collectives. (*See* ECF No. 51.)

The second stage of the evaluation requires "a more stringent inquiry . . . to determine whether the plaintiffs are, in fact, similarly situated." *Alloways*, 2019 WL 1902813, at *5. The court must conduct this analysis even if the parties have already entered settlement agreements regarding their FLSA claims. *See Edelen v. Am. Residential Servs., LLC,* No. 11-2744, 2013 WL 3816986, at *4 (D. Md. July 22, 2013). The analysis centers on three relevant factors: "the disparate factual and employment settings of the individual plaintiffs," "the various defenses available to the defendant which appear to be individual to each plaintiff," and "fairness and procedural considerations." *Alloways*, 2019 WL 1902813, at *5. "Due to the overlap between class certifications under Rule 23 of the Federal Rules of Civil Procedure, 'these factors need only be addressed . . . in passing.'" *Id.* (quoting *Edelen*, 2013 WL 3816986, at *4) (cleaned up).

Certification of this FLSA collective action is appropriate. The collective-action plaintiffs all held the same job (delivery driver) and were all paid with "the same reimbursement formula and same overtime pay calculation." (*See* Mot. Supp. Settlement Approval at 3 [ECF No. 123].) Defendant does not raise any affirmative defenses against any individual delivery driver or any subset of the delivery drivers. (*See* Answer [ECF No. 30].) And this collective-wide resolution of a common dispute that the delivery drivers have with the Defendant is procedurally efficient and substantively fair.

Accordingly, the court finds that certification of this collective action pursuant to 29 U.S.C. § 216(b) is proper.

### 4. The Parties' Rule 23 Settlement Agreement will be Approved because it is Fair, Reasonable, and Adequate.

The court certified Plaintiffs' Rule 23 class on December 1, 2021. (ECF No. 105.) The parties are now before the court seeking final approval for their Rule 23 Settlement. Rule 23(e)(1)(B)(i) requires the court to conclude that it will "likely be able to approve the proposal under Rule 23(e)(2)" before directing the parties to give notice of the proposed settlement to the class. *See* Fed. R. Civ. P. 23. More specifically, the court may approve a settlement that binds members of a class action only upon "a finding that it is fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2); *Edelen*, 2013 WL 3816986, at *8.

"The 'fairness' prong is concerned with the procedural propriety of the proposed settlement agreement, while the 'adequacy' prong focuses on the agreement's substantive propriety." *Edelen*, 2013 WL 381686, at *8; *see also In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); To determine whether a proposed settlement is fair, courts consider: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had

been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of the class action litigation." *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg.*, 952 F.3d 471, 482 (4th Cir. 2020). Here, the parties settled only after more than a year of litigation and an additional three months of negotiations. They advised the court of the possibility for settlement with only two days remaining in the discovery period, at which time a motion *in limine* to exclude Defendant's expert was pending. (*See* ECF Nos. 86, 108.) Nothing in the record suggests the settlement was collusive or that the Settlement Agreement was not the product of good-faith bargaining between the parties. *See Edelen*, 2013 WL 3816986, at *8; *Pizzella v. Apex Pipeline Servs., Inc.*, No. 2:19-cv-00507, 2019 WL 5866151, at *2 (S.D. W. Va. Nov. 8, 2019). And Plaintiff's counsel is highly experienced, having litigated dozens of FLSA and Rule 23 cases, including cases in this court. (*See* ECF Nos. 123-2, 123-3.) Accordingly, the court finds that the settlement is fair for purposes of Rule 23.

To determine whether a proposed settlement is adequate, the court must consider (1) the costs, risks, and delay of trial and appeal, (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (3) the terms of any proposed award of attorney's fees, including timing of payment, and (5) any agreement required to be identified under Rule 23(e)(3).[1] Fed. R. Civ. P. 23(e)(2)(C); *see also McAdams v. Robinson*, 26 F.4th 149, 159 (4th Cir. 2022). Here, Plaintiffs believe they present a strong case against Defendant. But Defendant contests the allegations and denies Plaintiffs substantive allegations. (ECF 30.) Both Plaintiffs and Defendant would rely heavily on costing

---

[1] "The parties seeking approval must file a statement identifying any agreement made in connection with the appeal." Fed. R. Civ. P. 23(e)(3).

experts in litigating this case. And the court recognizes that "when the success of a party's case turns on winning a so-called 'battle of the experts,' victory is by no means assured." *In re Bear Stearns Cos., Inc. Sec. Litig.*, 909 F. Supp. 2d 259, 266-7 (S.D. N.Y. 2012). The reliance on experts both increases the risks for both parties and the costs associated with litigating the action. The proposed Settlement Agreement assures that the Plaintiffs receive an immediate, tangible benefit instead of an uncertain future award and effectively distributes relief to all identified class members. This is certainly preferable to reliance on a jury to pick between qualified experts on both sides. In addition to providing for equitable relief to all class-members, the Settlement Agreement will also provide fair and reasonable compensation for class counsel, as will be further discussed below. Finally, the court is unaware of any agreement or statement required to be identified, under Rule 23 or otherwise, that would hinder the successful imposition of this settlement.

This Circuit considers five additional factors: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." *McAdams* at 159. Here, Plaintiff believes his case is meritorious, but Defendant denies the allegations and, absent settlement, was prepared to present a vigorous defense. (*See* ECF Nos. 30, 86.) The existence of disputed factual and legal issues creates uncertainty and risk for all parties. While there is a chance that the class could recover more money at trial, the Settlement Agreement provides the significant benefit of a guaranteed and substantial payment to the collective now, rather

than an uncertain and hypothetical payment of a larger amount in the future. *See In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 667 (E.D. Va. 2001) ("a bird in hand is worth two in the bush"). Briefing summary judgment motions, motions *in limine*, and conducting a trial relying on expert testimony would impose significant additional expense on the parties. And there is unlikely to be significant opposition to the settlement given the nature of the claims. *Edelen*, 2013 WL 3816986, at *8; *Alloways*, 2019 WL 1902813, at *10. Therefore, the court finds that the proposed settlement is adequate for purposes of Rule 23.

Finally, the court can only approve the parties' settlement of their FLSA claims upon a finding that the agreement represents a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Edelen*, 2013 WL 3816986, at *10 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "[A]n FLSA settlement generally should be approved if it reflects 'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food Stores Inc. at* 1355. This analysis also takes place in two steps. "[A]s a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are 'actually in dispute.'" *Edelen*, 2013 WL 381686, at *10 (quoting *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011)). "As a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness," applying "the same 'fairness factors generally considered for court approval of class action settlements under Federal Rule of Civil Procedure 23[.]'" *Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

Here, the parties have a bona fide dispute. They litigated their claims for over 14 months and advised the court of their tentative settlement only two days before discovery closed. (*See* ECF No. 108.) They then negotiated at arm's length for an additional three months before submitting their settlement for approval. (*See* ECF Nos. 116, 123.) A motion *in limine* to exclude Defendant's expert was pending at that time. (*See* ECF No. 86.) Most critically, Defendant has refused to concede that its payment and reimbursement practices violate the FLSA. (*See* Mot. Supp. Settlement Approval at 10.); *See also Edelen*, 2013 WL 3816986, at *11.

Accordingly, the parties' proposed Rule 23 Settlement is approved. An appropriate Notice of the settlement will be mailed to all class members as soon as practicable.

### 5. The Settlement Agreement Provides Reasonable Attorney's Fees and Expenses.

As part of the settlement, Plaintiffs' counsel asks the court to approve an attorneys' fees award of 1/3 of the settlement fund, *i.e.*, $232,650, and an award for costs in the amount of $63,774.79. (*See* Mot. Supp. Settlement Approval at 13, 22.)

An attorneys' fee award of 1/3 of the total settlement fund plus litigation expenses is generally appropriate in a wage-and-hour case. This Circuit recognizes that fee awards to counsel further the remedial goals of the FLSA by enabling plaintiffs to obtain the assistance of competent counsel. *See Brandon v. Guilford Cty. Bd. of Elec.*, 921 F.3d 194, 199–200 (4th Cir. 2019). Under the FLSA, "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The parties' Settlement Agreement reflects this. (Settlement Agreement at 6.) But the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure that counsel is adequately compensated and that no conflict of interest taints the

amount the wronged employee[s] recover under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 210 WL 1813497, at *1 (W.D. Va. May 5, 2010) (cleaned up) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). When assessing the fairness of a court-ordered fee award, courts generally rely on the lodestar analysis.[2] *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). In deciding what constitutes a reasonable rate and number of hours expended, this Circuit considers the so-called *Johnson* factors:

> 1) The time and labor expended; 2) the novelty and difficulty of the questions raised; 3) the skill required to properly perform the legal services rendered; 4) the attorney's opportunity costs in pressing the instant litigation; 5) the customary fee for like work; 6) the attorney's expectations at the outset of the litigation; 7) the time limitations imposed by the client or circumstances; 8) the amount in controversy and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case within the legal community in which the suit arose; 11) the nature and length of the professional relationship between attorney and client; and 12) attorney's fees awards in similar cases.

*Randolph v. Powercomm Constr., Inc.*, 715 Fed. Appx. 227, 230 & n.2 (4th Cir. 2017) (citing *Johnson v. Ga. Hwy. Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Plaintiffs' counsel spent over 480 hours litigating this case, which required significant expertise to navigate the novel and difficult concepts of law at issue. (*See* ECF Nos. 123, 123-1, 123-2.) Plaintiffs' counsel offers ample evidence of their hourly rates, which the court finds to be reasonable based on the

---

[2] Lodestar analysis is calculated by multiplying the number of hours reasonably worked by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

above factors.³ (*Id.*) Plaintiffs' counsel was precluded from working on other cases given the novelty of the concepts related to minimum wage law litigation. Plaintiff received a favorable outcome which was only obtained after over a year of hard-fought litigation, and through the efforts of Plaintiffs' highly experienced counsel. (*Id.*) As discussed above, Defendants deny the allegations, and the outcome at trial may have yielded a lesser result for the class absent settlement. Furthermore, an award of attorney's fees in the amount of 1/3 of the total settlement fund has been recognized as reasonable within this Circuit multiple times with respect to claims against other pizza delivery companies. *Kirby v. Caudill Ventures, LLC*, Case No. 7:19-cv-00170-D (D.S.C. Aug. 28, 2020) (ECF Doc. #24) (approving attorney's fees in same claim against pizza delivery company alleging minimum wage violations resulting from under-reimbursement vehicle costs); *Prince v. Perfect Delivery, Inc.*, Case No. 8:17-c-01950-AMQ (D.S.C. Jul. 23, 2018) (ECF No. 62, at 10–11) (same); *Hackett, et al., v. ADF Rest. Invs.*, 259 F.Supp.3d 360, 368–369 (D. Md. 2016) (awarding $232,000 or 1/3 of settlement fund as attorney's fees).

Plaintiffs also requests counsel costs reimbursement in the amount of $63,774.74. An award of reasonable litigation costs is mandatory in FLSA claims. 29 U.S.C. § 216(b). This court finds that Plaintiffs' counsel incurred its expenses reasonably and necessarily in the prosecution of this action and that these expenses are customarily included in settlement awards.

---

³ Plaintiff's counsel's lodestar is based on their recently approved hourly billing rates of $500 per hour for Mr. Potashnick and $450 per hour for Mr. Dolley. (*See* Mot. Supp. Settlement Approval at 18–19.)

Accordingly, this court finds that Plaintiff's counsel's request for $232,650 in attorneys' fees and $63,774.74 in costs are reasonable.

### 6. The Settlement Agreement Provides a Reasonable Service Award.

As part of the settlement, Plaintiff also ask the court to approve a $5,000 service award for Plaintiff. To determine whether a service award is warranted, the court considers "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Decohen v. Abbasi, LLC.*, 299 F.R.D. 469, 483 (D. Md. 2014). The court finds Plaintiff provided valuable insight to class counsel throughout the case, and his efforts have resulted in substantial payments to the class. (*See* Decl. of Mark Potashnick at 18 [ECF No. 123-2].) There is nothing extraordinary about the settlement's $5,000 service award, especially when considering similarly settled cases. *See Decohen*, 299 F.R.D. at 483 (approving $10,000 service award for named plaintiff); *See also Smith v. Toyota Motor Credit Corp.,* 2014 U.S. Dist. LEXIS 141402, at *4–5 (D. Md. Oct. 2, 2014) ($5,000 to each class representative); *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 468–69 (D. Md. 2014) ($5,000 to each of the five named plaintiffs); *Graham v. Hall's Southern Kitchens, LLC,* 2019 U.S. Dist. LEXIS 121615, at *7–8 (D.S.C. Jul. 22, 2019) ($5,000).

Accordingly, the court finds that Plaintiff's request for a service award of $5,000 as provided by the Settlement Agreement is reasonable.

In conclusion, the court finds the proposed settlement and attendant payment to counsel and Plaintiff to be reasonable and appropriate and will enter an Order approving the settlement in all respects.

The clerk is directed to forward a copy of the Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 2nd day of September, 2022.

*/s/Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
